WISCONSIN AUTO RACING ASSOCIATION, INC., Respondent, vs. HOME INSURANCE COMPANY, Appellant.

*October 11—November 6, 1934.*

322

323

For the appellant there was a brief by *Wolfe & Hart* of Milwaukee, and oral argument by *F. J. Hart*.

For the respondent there was a brief by *Mandelker & McCarthy* of Milwaukee, and oral argument by *James E. McCarthy*.

FAIRCHILD, J. The objection on the part of the appellant to permitting the complaint to be amended, asking for reformation of an existing contract, is the principal controversy on this appeal. The appellant insists that the ruling below has resulted in a substitution of an entirely different contract in the place of the one made between the parties. But there is no dispute over the fact that the respondent asked for the insurance finally allowed him under the policy as reformed by the circuit court. The application for insurance signed by the respondent reads in part:

"We . . . make application for insurance indemnifying for loss by reason of one-tenth inch rainfall, . . . covering expenses on the event or business known as automobile races which is to be held at State Fair Grounds, June 7, 1931."

The testimony of those who participated in negotiating the insurance supports the contention that a policy consistent with the application was to be issued. There is no dispute over the fact that it rained on June 7, 1931, and that respondent expended more than $1,000 in defraying the expenses incident to advertising and preparing for the automobile race upon that day and in the place designated.

The insurance asked for by the respondent which the appellant agreed to furnish, and the policy established by the judgment below are not in any sense of the word against law or public policy. That such policies are not generally written for such events, or the fact that no other insurance company would issue such a policy for income-producing events, does not deprive the respondent of its rights under the contract. While the evidence shows that in general the insurance companies have attempted to have their policies conform to each other, still in some respects these policies differ, and no rule of law exists limiting the companies to a particular form. The form described by the trial court to be the one agreed upon between the parties is a usual one, although most often used to cover events not producing income. In the absence

of a standard rain insurance policy and any law interfering, an insurance company is at liberty to make such contracts with relation to rain insurance as it may choose. Under the evidence in this case, it is apparent that the insured expected and the representative of the insurer agreed to give him, a policy which would protect him to the extent of $1,000 against loss by reason of the expenses incurred in promoting the automobile race if the rain prevented its occurrence. The evidence of the character of the insurance asked for and agreed to be provided being most clear and satisfactory, the policy of insurance was correctly reformed to overcome the mistake in it. The amendment to the complaint was properly allowed.

The point raised that by reason of sec. 209.05, Stats., Trudell was the agent of the appellant, if considered well taken, does not alter the contract which was made between the respondent and appellant.

*By the Court.*—Judgment affirmed.